BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-MC-00040-GEB |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $93,216.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On January 26, 2012, agents with the Internal Revenue Service – Criminal Investigation ("IRS") adopted the approximately $93,216.00 in U.S. Currency (hereafter "defendant currency") for federal forfeiture. The IRS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about March 14, 2012, the IRS received a claim from Salvador Ortiz asserting an ownership interest in the defendant currency.

2. The United States represents that it could show at a forfeiture trial that on or about December 16, 2011, Salvador Ortiz and his associate, Jorge Garcia Torres were successful bidders for a Caterpillar Hydraulic Excavator in the amount of $90,000.00 at Richie Brothers Auctioneers in Dunnigan, California.  The excavator was purchased in

Torres' name with a down payment of $23,000.00 in cash from Ortiz and Torres.

3. The United States could further show at trial that on December 22, 2011, Ortiz and Torres returned to Richie Brothers Auctioneers to complete the purchase of the excavator. Ortiz had a backpack with approximately $70,216.00 in cash. While counting the currency, the auctioneers became suspicious that some of the $100.00 bills might be counterfeit so they contacted the Yolo County Sheriff's Department. A drug dog positively alerted to the presence of the odor of narcotics on the defendant currency. Torres stated that none of the currency was his and he was only assisting Ortiz. Further investigation revealed that in 2010 and 2011, Ortiz and Torres had an association with several large marijuana grow sites in Tulare and Kern counties. It was further determined that Ortiz had an outstanding arrest warrant for possession for sale of marijuana and cultivation of marijuana out of Kern County, California. The deputies arrested Ortiz and Torres and seized the currency.

4. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

5. Without admitting the truth of the factual assertions contained above, Salvador Ortiz specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Salvador Ortiz agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Salvador Ortiz acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Salvador Ortiz shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7.   This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

8.   The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9.   The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10.   Upon entry of this Consent Judgment of Forfeiture, $75,216.00 of the $93,216.00, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11.   Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $18,000.00 of the $93,216.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be returned to potential claimant Salvador Ortiz through attorney Michael J. Shambrook.

12.   Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

13.   Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14.   No portion of the stipulated settlement, including statements or

1  admissions made therein, shall be admissible in any criminal action pursuant to Rules
2  408 and 410(4) of the Federal Rules of Evidence.
3      15.    All parties will bear their own costs and attorney's fees.
4      IT IS SO ORDERED.
**Date:  8/13/2012**

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge